Wash, J.,
delivered the opinion of the Court.
The defendants in error, who were the payees of a certain hill of exchange, sued Fox the maker in the Circuit Court and had judgment; to reverse which Fox has come into this Court. Several questions have been raised which need not be now decided. The only one we shall consider arises out of the decision of the Circuit Court on the motion of the defendant below to exclude the depositions offered by the plaintiffs. The depositions were taken under the following notice: St. Louis Circuit Court. George Carlisle and John W. Mason v. Abraham Fox. Take notice, that on the 22d day of November next, between the hours of nine o’clock in the forenoon and five o’clock in the afternoon of that day, at the Planters’ Hotel in the city of New Orleans, and State of Louisiana, I shall take depositions to be read on the trial of the above entitled cause on behalf of the plaintiffs, and that if they are not finished on that day, the taking of them will be continued from day to day between the same hours till they are completed, &c. The Judge before whom the depositions were taken certifies that he attended at the Planters’ Hotel on the 22d of November, 1831, between the hours of nine o’clock A. M. and five o’clock P. M., agreeably to the notice and adjourned from day to day between the same hours until the 26th *142 of the same month, on account of the witnesses not being able to attend from sickness, &c. The depositions were filed and opened in the Clerk’s office on the 15th of March, 1832, and a memorandum thereof made on the docket according to the rule of said Court, which had governed the practice thereof from, the time of commencing the suit to the time of .trial, and is in the words and figures following: “ 71st. Ail depositions shall be opened and filed by the Clerk without delay, and a memorandum of the filing of depositions shall be entered in the docket opposite the cause; but no. depositions shall be read on the trial of the cause unless; it be shown to the satisfaction of the Court that the deponent is absent or unable to attend as provided by law, so as to render his personal attendance unnecessary; and no other objection to the reading a deposition in the cause in which it was taken, if opened, filed and noted on the docket one day before the trial, (except to the competency or relevancy thereof,) shall be allowed unless the exception be filed in writing before the trial, and within ten days after it shall be so opened and filed, and not thereafter, and all such exceptions shall be determined before a jury is sworn or the cause submitted.” Exceptions were taken to the depositions on the 11th of April, 1832, and the trial of the cause was on the 9th day of May thereafter. It has been strongly urged by the counsel' for the plaintiff in error, that this rule of Court is in violation of the statute law of the land, and therefore not obligatory. From the view we have taken, it becomes unnecessary to examine this position, since the objection taken to the depositions is-without the rule of Court.
We are clear that the notice to take depositions on the 22d of the month, did not authorize the taking of them by adjournment from day to day on the 26th of the month, without having commenced the taking on the 22d, otherwise it would be almost impossible in the nature of things for parties interested in the cross examination to know when or before whom to attend. The depositions might as well have been taken four months as four days after the time appointed. The dedimus and notice did not warrant the proceeding, and the depositions were incompetent to be read in evidence on the trial.
The judgment of the Circuit Court is therefore-erroneous, and must be reversed, with costs, and the cause remanded for proceedings conformably to this opinion.