WILLIAM KISSKADDEN *et al.* *vs.* GRANT & PREST.

Where the notice was to take depositions on the 9th day of December, 1861, and that "the taking of said depositions will be adjourned from day to day *if necessary*, till completed," it must be made clearly to appear *affirmatively* to the court that the depositions are taken at the time designated in the notice, or when for any cause a continuance under a proper notice is had, the reason of such continuance should appear, in order that the sufficiency of such reason may be judged of by the court.

Under such a notice, a certificate of the officer taking the depositions, stating that at the time and place stated in the notice, "the said plaintiff appeared by his attorney, and thereupon the taking of said depositions was adjourned from day to day, the plaintiff making appearance as aforesaid, till the 16th day of December, 1861," when the depositions were taken, *held*, not to be sufficient, as not showing any reason for the continuance.

Exceptions to the ruling of the court on the sufficiency of such a notice of taking depositions must be made before the trial. When such depositions are read in justices' court, the excepting party has a right to the opinion of the district court as to the sufficiency of such notice.

*Stinson & Havens*, for plaintiffs in error.

I. The exceptions to the depositions should have been sustained on account of the lack of the indorsement on the envelope. (§ 357, *Code.*)

II. The record shows that the jury found their verdict on entirely incompetent testimony, viz.: The statement of Grant that the butter sold for thirty cents per pound, which statement was hearsay. The verdict as it now stands, is the verdict of the court, and not of the jury.

III. The exceptions to the depositions should have been sustained, because the same were not taken on the day mentioned in the notice. (*Fox vs. Carlisle*, 3 *Mo.*, 197; *Brachen vs. Marsh*, 4 *Miss.*, 74; *Statute of* 1855, *p.* 302; 1 *Handy. Sup. Court*, 94, *note a.*)

*Thomas P. Fenlon,* for defendants in error.

I. The want of indorsement on the envelope of the name of the party or officer taking the depositions is not such an error as effects the substantial rights of the parties. The statute as to such indorsement is merely directory.

    1. The exception to the deposition for want of this indorsement if good at all, should have been made when the case was tried before the justice; not having taken it then, plaintiffs waived the objection, and could not avail themselves of it in the district court, however good the objection may have been. (*Justices' Act,* §§ 184, 71, 92, 128; 10 *Iowa,* 109.)

    2. If the depositions *were taken* pursuant to the provisions of the code, that was all that is absolutely required by statute, and "*they shall be read, in evidence.*" (§. 358, *Code*; § 71, *Justices' Act.*)

II. The record does not show that the verdict was rendered on entirely incompetent testimony. Outside of the evidence of Grant, the record shows abundance of evidence upon which the jury could have found the verdict. (*See Evidence.*)

    1. There is no practice or rule of law to compel the district court to "rule out" any testimony which has actually gone to the jury. The full duty of the court is performed when it instructs the jury that hearsay evidence must be disregarded, which it must be presumed it did in this case.

    2. But what is fatal to the points now raised by the plaintiffs in error on the testimony of Grant is, that there was no objection made to his testimony *at the time* it was given. They cannot now take advantage of an objection not raised *on the trial of the cause.* (§ 301, *Code*; 7 *U. S. Digest, p.* 96, § 54; 8 *id., p.* 50, § 20; 9 *id., p.* 76, §§ 201, 58, 34; 1 *Scam.,* 253.)

    3. The verdict of a jury can always be remitted, and it is proper for the court to enter judgment on a verdict of a

jury after a portion of the same has been remitted.   (10 *Iowa*, 233, 236, 264, 312, 360 ; § 359, *Code C. P.*)

By the Court, KINGMAN, J.   The only points relied on are errors of the court below in overruling exceptions to the depositions of Todd and Scudder.   The notice given was to take depositions on the 9th day of December, 1861, and "that the taking of said depositions will be adjourned from day to day between the same hours and at the same place if necessary, till completed."

The depositions were taken on the 16th day of December, 1861.   The certificate of the officer taking the deposition, stating that at the time and place stated in the notice, " the said plaintiff appeared by his attorney, and thereupon the taking of said depositions was adjourned from day to day, the plaintiff making appearance as aforesaid till the 16th day of December, 1861," at which time the depositions were taken. No cause is given for the continuance for seven days.   Both depositions were taken on one day.   The notice was to take on the 9th, and the taking was only to be continued "if necessary," and no such necessity is shown.

It must be made clearly to appear affirmatively to the court that depositions are taken at the time designated in the notice ; otherwise great injustice may be done by not even offering the adverse party an opportunity of cross-examination, and when for any cause a continuance under a proper notice is had, the reason of such continuance should appear, in order that the sufficiency of such reason may be judged of by the court ; otherwise the taking of depositions may be continued from day to day, to wear out the patience of the adverse party, and deprive him of the benefit of cross-examination, or what may be quite as important, to be present and see to the manner of proceeding by the party, the officer and the witness.

In this case, for aught that appears, the continuance was without cause, and the time when the depositions were taken

is not the time mentioned in the notice; for, by the terms of the notice, a continuance was only to be had, "if necessary," and the necessity does not appear. In support of these views, see 4 *Missouri Reports,* (*pp.* 74, 465.)

It is said by defendant in error that these exceptions were taken too late, as the depositions had once been read in the trial before the justice of the peace. The code provides that exceptions shall be made before the trial, and fixes no other time; and they were made before the trial, and the plaintiffs in error had a right to the opinion of the district court as to the sufficiency of the notice, and we think the exceptions to the depositions should have been sustained for the. reasons given. This conclusion renders it unnecessary to consider the other exceptions to the depositions.

Wherefore the judgment of the district court is reversed, and the cause remanded to the district court for Leavenworth county for a new trial.

All the justices concurring.