## Charles W. Wolf v. Samuel W. Foster.

1. Payment; *Pleading and Evidence.* Under an answer alleging generally payment to the plaintiff, it is not error to admit proof of payment to an agent of the plaintiff.

2. ——— *Receipt; Parol Evidence.* Parol evidence of the actual payment of money due may be received, although it appears that at the time of payment a receipt was given, which is not produced, and whose loss or destruction is not so accounted for as to admit secondary evidence of its contents.

3. Instructions—*Repetition.* The court is under no obligation to repeat the law as given in the general charge, in the special instructions asked by counsel.

*Error from Neosho District Court.*

Action brought by *Wolf* to recover $186.12 for certain goods sold by him to *Foster*, in 1868. At the time of the sale *Wolf* was doing business at Milwaukee, Wis., and *Foster* was residing at Wabashaw, Minn. The answer was *payment,* defendant alleging that he "had paid said plaintiff the full amount of said demand before the commencement of this action." Reply, general denial. On the trial, at the April Term 1873, *Foster* testified that all his business transactions with plaintiff "were had with the agent and traveling salesman of said plaintiff, one Jake Weinberg." He further testified—"I had a settlement in full with said plaintiff through his man Weinberg sometime either in February or March, 1869, and I paid to Weinberg all I owed to plaintiff, and took a receipt in full." Verdict and judgment for defendant. New trial refused, and *Wolf* brings the case here.

*Stillwell & Baylies,* for plaintiff in error:

1. There is no allegation contained in the answer of any transaction whatever by defendant with Weinberg as agent of plaintiff, or otherwise. Under the established rule of pleading, under the code, as well as at common law, a party to an action must in some sufficiently legal form plead or give notice, or suggest upon the record, the substantive facts he

will offer to establish by evidence at the trial, else be barred
of making proof on the trial, of any facts not so stated.   It
was not competent for defendant who assumed the affirmative
of the issue at the trial, to give proof of any facts *dehors* the
record, or which were not put in issue by the pleadings ; a
substantial reason for that rule is to avoid surprise to the ad-
verse party.

2. The court also erred in its ruling, that defendant might
establish the fact of payment by *parol* evidence independent
of the written receipt.

3. The plaintiff requested the court to specially instruct
the jury as follows : " The burden of proof is upon the de-
fendant.— to satisfy you by a *preponderance* of the evidence
that he had actually paid for the goods before the commence-
ment of this action; and unless he has so satisfied you of the
fact of such payment by such preponderance of evidence, it is
your duty to find for the plaintiff."   This instruction was re-
fused.   The general instructions upon this point were loaded
down with qualifications and additions; and it was error to
refuse the instruction as asked by plaintiff.

*J. R. Woodsworth,* for defendant in error:

1. The code does not, nor did the common law, require
that pleadings should contain evidence of the facts and legal
circumstances which the parties intend to prove.   The plead-
ings are only a statement of the *facts* constituting the cause
of action or defense, in plain and concise language, and with-
out repetition. (Civil Code, § 87.)   " Payment to plaintiff,"
was alleged; payment to the agent is payment to the princi-
pal; proof of payment to the agent sustained the answer.

2. It was not necessary to plead the receipt; nor to produce
it on the trial.   *Payment* being the *fact* alleged as the defense
to the action of the plaintiff, it is competent to establish such
fact by oral evidence.   A *receipt* but admits payment, and is
no better evidence than direct oral evidence of the same fact.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error as plaintiff below, brought his action on an account for goods sold. Defendant filed an answer alleging that before the commencement of the action he "had paid said plaintiff the full amount of said demand." A reply was filed denying payment, and upon these pleadings the case went to trial.

One ground of error is that, under the allegation in the answer of payment to the plaintiff, defendant was permitted to prove payment to an agent of the plaintiff, the one from whom he made the purchase of the goods specified in the petition. We see no error in this. Payment to an agent is in legal effect payment to the principal. And it is enough to allege payment to the principal, without specifying the particular party or agent who received the money.

<span style="float:left">1. Payment;<br>pleading<br>evidence.</span>

A second alleged error is, that after it had apppeared in evidence that at the time of payment a receipt therefor was given, which was not produced, and whose loss or destruction was not so accounted for as to permit secondary evidence of its contents, the court permitted the defendant to give parol testimony as to the fact of payment. This was right. The receipt is good as an admission of payment, but it is only at best *prima facie* evidence, and susceptible of explanation or contradiction. The fact of payment can always be shown, independent of any admission by receipt or otherwise.

<span style="float:left">2. Receipt; oral<br>evidence.</span>

The third objection is, that the court refused certain instructions asked. In the general charge the court laid down the law substantially as asked, and was therefore under no obligations to repeat it. It is true this addition or modification was made: "You are the exclusive judges of all the facts in the case, and you will carefully consider all the evidence submitted, giving such weight to the same as it is entitled to, taking into account all the surrounding circumstances, and thus determine where the preponder-

<span style="float:left">3. Repeating<br>instructions.</span>

ance lies, and decide accordingly;"·but as this is a. correct statement of the law the plaintiff has no cause of complaint.

We see no error in the record as presented. The question in ·the case was simply one of payment, one of fact for the determination of the jury, and not for the examination of this court. The judgment will be affirmed.

All the Justices concurring.