## DANIEL STAINBROOK v. RACHEL DRAWYER.

1. DEPOSITIONS, *Not Invalidated by Adjournment*. Where a notice to take depositions states that the depositions will be taken on a certain day, and that the taking thereof will be continued from day to day until the same are all taken, and the party taking the same commences to take depositions on the day specified in the notice and continues taking from day to day until Saturday in the afternoon, and then adjourns the taking of the depositions till Monday, *held*, that the adjournment from Saturday till Monday is not an irregularity that will invalidate the depositions.

2. LOST PAPER, *Contents of, in Evidence*. Where an order is given to pay money, and the person on whom it is drawn and to whom the order is sent is the defendant in the case, and it is shown by evidence that he received the order and paid the money thereon, and that he has not seen the order for several years, and that he does not know what he did with it or where it is, *held*, that under such circumstances the plaintiff may introduce evidence of the contents of the order.

3. EVIDENCE, *Not Hearsay*. And further, *held*, that proof of a conversation giving authority from the holder of a note to another person to collect the same, is not hearsay evidence; and *held*, that in this particular case the evidence is immaterial.

*Error from Linn District Court.*

ACTION brought by *Drawyer* against *Stainbrook*, on a promissory note. Trial at the November Term, 1876, of the district court, and judgment for plaintiff for $1,840.60, and costs. The defendant brings the case here. The opinion states the facts.

*James D. Snoddy*, for plaintiff in error.

*A. F. Ely*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, brought by Rachel Drawyer against Daniel Stainbrook. The defendant pleaded the statute of limitations. The note appeared to be barred by such statute, and was barred unless a certain payment, alleged by the plaintiff to have been made, and denied by the defendant, was in fact made upon the note; and the evidence was directed principally to proof and disproof of such payment. The depositions of various witnesses were read with reference to this question, and all the questions raised by counsel in this court have reference to these depositions, and to the evidence contained therein.

I. The first point made by counsel for plaintiff in error, who was defendant below, is as follows:

"1st. The depositions of Champion, Drawyer and Davison should have been suppressed, because not taken at the time in the notice specified, and because of continuance of taking, without any reason therefor. (*Kisskadden v. Grant*, 1 Kas. 328; *Bracken v. March*, 4 Mo. 74.)"

Counsel for defendant in error answers in his brief as follows:

"1st. The court did not err in overruling the motion to suppress the depositions of Champion, Drawyer and Davison. The case of *Kisskadden v. Grant*, 1 Kas. 328, is not analogous to this. In this case the taking of the depositions was commenced at the time and place in the notice specified, and Drawyer's deposition was taken on the same day, and the

depositions of Champion and Davison were taken on successive days thereafter until completed. The adjournments from day to day were necessary."

We think the counsel for defendant in error is correct. The deposition of one of the witnesses (Drawyer) was taken on the very day that the notice specified; and then, for a certain reason which we think was sufficient, the taking of the depositions was adjourned until the next day, which was Saturday. A part of the depositions was taken on that day, in the afternoon, and then the officers, not having sufficient time to finish taking the depositions, adjourned the taking thereof until Monday. And this we also think was for a sufficient reason. The notice specified that the taking of the depositions would be from day to day until the same were all taken; and the only seeming irregularity was that the taking of the depositions was adjourned from Saturday till Monday. But as Sunday is usually not considered a proper day on which to carry on judicial proceedings, the adjournment from Saturday till Monday was not an irregularity, and did not invalidate the depositions.

II. The second point made by counsel for plaintiff in error is as follows:

"2d. The court erred in admitting in evidence the pretended copy of the order in Leonard C. Drawyer's deposition — no loss or destruction of said order being shown."

To this point, counsel for defendant in error answers as follows:

"2d. The court did not err in admitting evidence as to the contents of the order. Proper grounds for the admission of this testimony were laid by the testimony of plaintiff in error. He was the proper custodian of the order, and was shown to have received it. This order was in the nature of a receipt. It was not necessary to show its loss in order to make this testimony competent. (*Wolf v. Foster*, 13 Kas. 116.)"

We think that counsel for defendant in error is correct in saying that proper grounds were laid for the admission of testimony concerning the contents of the order. The contents of the order, as testified to by Leonard C. Drawyer, were as follows:

25 — 25 KAS.

"DANIEL STAINBROOK: Please let Susan Jane Phenix. have fifty dollars, and I will credit the same on your note.

(Signed)                    RACHEL DRAWYER."

Drawyer testified that he sent this order to Stainbrook. Drawyer further testified as follows:

"I was in the state of Kansas and saw Daniel Stainbrook in May, in the year 1872; had a conversation at that time with Stainbrook. He told me that he had paid the order of fifty dollars to Mrs. Susan Jane Phenix, and that he had paid her more than that. He said: 'There should be indorsed one hundred and fifty dollars, instead of fifty dollars, on that note, because I have paid Jane [meaning Susan Jane Phenix] that, if not more.'"

And Drawyer further testified as follows:

"I asked him [Stainbrook] to give a new note. He said he would do so; got pen, ink and paper, and sat down at a table to write a new note. He looked at the note in question, and when he saw that there was no indorsement upon it he refused to give a new note until he had seen his lawyer. I said, 'There ought to be fifty dollars indorsed upon the note.' He replied that he had paid fifty dollars on the note, and more too. Said he had paid it to Susan Jane Phenix. He then refused to give a new note, and wanted me to buy the note."

Stainbrook himself testified that he received an order and paid fifty dollars thereon; but he could not tell the contents thereof, for it had been a long time, several years, since he saw the order. He does not know what he did with it. After Stainbrook had testified that he could not state the contents of the order, he was asked the following question: "Did not the order read substantially as follows: 'DANIEL STAINBROOK: Please let Susan Jane Phenix have fifty dollars, and I will credit the same on your note.—RACHEL DRAWYER.'?" And his answer to the question was, "I could not tell you." Proof of the contents of this order was, however, not absolutely essential in this case; for Stainbrook himself admitted, according to the testimony of Drawyer, that he had paid fifty dollars on this note.

III. The counsel for plaintiff in error, as his third and last point, states as follows:

"3d. The court erred in admitting in evidence the paragraphs of Champion's deposition on pages 10 and 11 of case-made. Those paragraphs are hearsay. Rachel Drawyer's deposition was taken in this action."

Counsel for defendant in error, in answer to this point, states as follows:

"3d. There was no error in admitting paragraphs referred to by counsel for plaintiff on pages 10 and 11. (1 Greenl. on Ev., § 100, *et seq.*)"

We think the defendant in error is correct. The paragraphs mentioned were simply proof of authority given by Rachel Drawyer, the plaintiff below, to Edward H. Champion to collect the said promissory note from the defendant, and of course were not hearsay. Besides, they were wholly immaterial in this case, for they did not tend to prove or disprove the alleged payment on the promissory note; if they had been entirely stricken out, it would not injure the plaintiff's case in the slightest particular.

We have now considered all the points made by counsel for the plaintiff in error (copying his brief in full), and we do not think the court below committed any error. Therefore, the judgment of the court below will be affirmed.

All the Justices concurring.