W.  T.  Owens, Appellant, v. Henrietta M. Peyton. et al., Respondents.

Kansas City Court of Appeals, March 22, 1897.

1. Depositions: DAY OF TAKING: ADJOURNMENT. Where the other party does not appear to the taking of depositions, proceedings should begin on the day named in the notice; and, if adjournments occur, entries should be made each day of the proceedings of that day together with the adjournment.

2. ———: ———: ———.  Where the officer, on the day he took the deposition, inclosed in brackets the words "(The taking of these depositions has been adjourned from the 9th day of March from day to day by reason of bad weather),"—held not sufficient.

Appeal from the Platte Circuit Court.—Hon. W. S. Herndon, Judge.

Reversed and remanded.

J. W. Coburn and J. W. Coots for appellant.

The deposition of defendant, Henrietta Peyton, should have been suppressed on plaintiff's motion.  A notice to take depositions on the ninth day of March, will not authorize the taking of them by adjournment from day to day on the eighteenth of March, without having commenced the taking on the ninth.  Fox v. Carlisle & Mason, 3 Mo. 197, side page.  If the depositions might have been taken in an hour, and an adjournment is taken from day to day, something must appear to justify the delay, and if not so, they

ought to be suppressed; what was done each day, should appear on the record. *Bracken v. March*, 4 Mo. 74; Kean v. Newell, 1 Mo. 754.

*Wilson & Wilson* for respondents.

(1) In the motion to suppress, there is no pretense on the part of appellant that he was present, or desired to be present either in person or by attorney, at the time or place named in the notice.   If plaintiff lost the right to cross-examine, it was his own fault.   Had the deposition been wholly taken on the ninth, he would not have been there in person or by attorney as affirmatively appears.   The delay, if any, did not nor could not possibly have affected the rights of appellant in this case.   It does not appear from the deposition that it was not commenced on the ninth, it merely states that taking was "adjourned."   We therefore respectfully submit, that appellant under his own motion and evidence did not have the opportunity to cross-examine by reason of his own default, and this being the case, he can not be heard here to say that he has, in the remotest degree, been injured by the taking of the deposition.   *Meyers v. Diamond Jo Line*, 58 Mo. App. 201.

ELLISON, J.—Plaintiff instituted this action on a claim of commission as a real estate agent on the sale of some land belonging to defendants.   The judgment below was for defendants.   No objection is made by the appealing plaintiff to any action of the court save as to its refusal to quash depositions taken by defendants in the state of Virginia and its refusal to grant a new trial on account of the verdict being against the evidence and instructions of the court.

The first objection being in our opinion sufficient to authorize a reversal we need not examine into the

DEPOSITIONS:
day of taking:
adjournment.

second. The notice was to take depositions between the hours of 8 and 6 o'clock on the ninth of March, 1896. The deposition taken was certified as having been taken on the eighteenth of March, the justice of the peace taking them having inclosed in brackets the following entry in the deposition: "(The taking of these depositions has been adjourned from the ninth day of March, from day to day by reason of bad weather.)" There was no appearance by plaintiff at the place appointed at the time the deposition was taken and he has therefore not waived any right he has by reason of the nonobservance of the day appointed. There is nothing in the depositions or certificate of the officer to show that any proceedings were had on the day named in the notice. Proceedings should have been begun on the day. *Fox v. Carlisle*, 3 Mo. 197. Besides it is evident from the face of the deposition and certificate that there was no entry of adjournment each day. The entry above set out is evidently one made when the deposition was taken showing what had been done on the preceding day, whereas if there was cause for adjournment the entry should have been made of each day's proceedings. *Bracken v. March*, 4 Mo. 74.

The judgment will be reversed and cause remanded. All concur.