## In the Matter of CHARLES GREEN.

### St. Louis Court of Appeals, December 4, 1900.

1. **Witness, Not Compelled to Testify Against Himself When Charged With a Crime: ADMINISTRATION: CITATION: STATUTORY CONSTRUCTION: CONSTITUTION.** Where an administratrix of an estate of a deceased person files in the probate court an application for a citation to a party, under section 74, R. S. 1899, and on the appearance of the party propounds the following interrogatory: "Did you not conceal, embezzle or otherwise wrongfully withhold said goods, chattels, money, books papers and evidences of indebtedness from the estate of deceased?" the administratrix can not compel the party to testify as a witness concerning the matter, since it is an attempt on the part of the administratrix to compel the party to disclose the circumstances of an offense of embezzlement, the source from which, or the means by which, evidence of his crime, or his connection with it may be obtained, or made effectual for his conviction.

In the matter of Charles Green.

2. ——: ——: ——: WITNESS: TESTIMONY. A witness has the right to claim his privilege against testifying to facts which may incriminate him, and is not bound to answer, when from the nature of the investigation and the testimony sought, it reasonably appears that his answer may incriminate or tend to convict him.

3. Deposition: PUBLIC HOLIDAY: GENERAL ELECTION DAY. Depositions may be taken on a general election day, although it is a public holiday.

4. ——: COMMISSIONER, ADJOURNMENT OF COURT. When a commissioner to take depositions adjourns over a day on which he might have lawfully taken depositions, without the consent of the defendant he is without authority to proceed further with the taking of depositions.

5. Habeas Corpus: CONSTITUTIONAL RIGHT: ATTACHMENT OF WITNESS. In the case at bar when the petitioner refused to be sworn as a witness, he exercised his constitutional right and is entitled to his discharge from attachment under the writ of *habeas corpus*.

*Original Proceeding in Habeas Corpus.*

PETITIONER DISCHARGED.

No briefs furnished reporter.

BLAND, P. J.—Mary C. Fleming, Administratrix of the estate of Alfred W. Fleming, deceased, on July 14, 1898, filed in the Probate Court of St. Louis County, an application for citation to Charles Green, under section 74, Revised Stautes 1899, alleging that she had good cause to believe and did believe that said Green had in his possession and control, and had concealed and was wrongfully withholding goods, chattels, money, books, papers and evidences of debt belonging to the estate of Alfred W. Fleming, deceased, which she as administratrix was entitled to, aggregating over three hundred thousand dollars. A citation was

issued and served on Green. On the eighteenth of July, 1898, Green appeared and filed his affidavit denying that he had in his possession or under his control, or that he had secreted or was wrongfully withholding goods, chattels, money, books, papers or evidences of indebtedness belonging to the estate of Alfred W. Fleming. Thereafter on the twenty-eighth of the same month the administratrix filed interrogatories to be answered by Green. The first, second and third of the interrogatories are aimed at the discovery of goods, chattels, moneys, books, papers and evidences of debt generally. The fourth interrogatory reads as follows, to-wit: "Did you not conceal, embezzle or otherwise wrongfully withhold said goods, chattels, moneys, books, papers and evidences of indebtedness from the estate of Alfred W. Fleming, deceased?" The other interrogatories, eleven in number, are aimed at the discovery of specific sums of money, specific notes, mortgages, certificates of stock and bonds, and Green is required to answer as to each and every one of these items if he did not conceal, embezzle, or otherwise wrongfully withhold them from the estate. To each and all of these interrogatories Green filed his answer, under oath, denying that he had in his possession or under his control, or that he secreted or had embezzled, or wrongfully withheld any of the assets mentioned or described in the interrogatories. The cause was continued from term to term, until the November term, 1898, of the probate court, when both parties appearing the investigation was taken up and the court proceeded to hear the evidence offered by the administratrix in support of the interrogatories. At the close of this testimony Green offered a demurrer thereto, which was sustained by the court and the proceedings were dismissed at the costs of the estate. From this judgment the administratrix appealed to the St. Louis County Circuit

In the matter of Charles Green.

Court.  A change of the venue of the cause was awarded, on the application of Green, to the St. Louis City Circuit Court.  After the cause reached the latter court, the death of Mrs. Fleming, administratrix, was suggested, and the suit is now prosecuted on behalf of the estate by Thomas F. Ackerman, administrator *de bonis non* of the estate of Alfred W. Fleming, deceased.  On application, the circuit court appointed William M. Kinsey, Esq., special commissioner to take depositions of witnesses on behalf of the administrator to be read on the trial of the cause.  A subpoena was served on Green to appear and testify before the commissioner.  He paid no attention to the subpoena and an attachment was issued and delivered to the sheriff to bring him before the commissioner, and the taking of testimony was adjourned from day to day, until the fifth day of November, 1899, at which time the commissioner on his own motion adjourned the taking of testimony to the seventh of November.  On November the seventh Green was brought before the commissioner, in custody of the sheriff, by virtue of the writ of attachment theretofore issued, but he refused to be sworn as a witness or to give testimony, and left the office of the commissioner without permission, whereupon the commissioner committed him to jail for contempt in refusing to be sworn as a witness, and made out a commitment regular in form and reciting in detail the facts.  The commitment was delivered to the sheriff and Green was taken into custody by him.  To be released of this restraint of his liberty he sued out before us a writ of *habeas corpus*, to which the sheriff has made return, pleading the commitment in justification of the restraint.  Counsel for the Fleming estate waives all technical questions that might be raised in opposition to the discharge of Green, and asks us to decide whether or not Green can be compelled to testify as a witness in the cause,

inasmuch as this question will be presented for decision should Green be remanded and again be brought before the commissioner to testify.

1.   In State ex rel. v. Simmons Hardware Company, 109 Mo. 118, it was ruled, that "if the proceeding is criminal in its nature, that is, if he is charged with having committed a crime, then it is clear that he can not be compelled to testify against himself, and this is so whether the proceeding is criminal in form or is as to form a civil proceeding;" and in the same case it is further said, "the constitution provides that no person shall be compelled to testify against himself in a criminal case, prohibits an individual from being compelled to furnish a link in a chain of evidence by which his conviction of a criminal offense may be secured."

In Counselman v. Hitchcock, 142 U. S. 547, it was ruled, that "a witness could not be compelled to disclose the circumstances of his offense, the source from which, or the means by which, evidence of its commission, or his connection with it, may be obained, or made effectual for his conviction."

Greenleaf in his work on Evidence states the rule thus: "When the answer will have a tendency to expose the witness to a penal liability, or to any kind of punishment, or to a criminal charge, the witness is not bound to answer" (Vol. 1, sec. 451), approvingly cited in State v. Talbot, 73 Mo. 357.

The provision of the Constitution quoted in the Simmons Hardware case is for the protection of personal liberty and has always received a liberal construction at the hands of both the Federal and State courts.   And these courts have invariably—when brought before them—held as unconstitutional, statutes passed in aid of the enforcement of revenue laws, election laws, the Interstate Commerce Law,

laws against the formation of pools and the like, which require a person to purge his conscience of a violation of them, when to do so he would be compelled to furnish evidence which might lead to his conviction of a crime.    State ex rel. v. Simmons Hardware Company, *supra*; Counselman v. Hitchcock, *supra*; Boyd v. U. S., 11 U. S. 616; Ex parte Senior, 32 L. R. A. 172.    As is said in State v. Young, 119 Mo. loc. cit. 520, " the Constitution is broad enough to protect the defendant against self-conviction before any tribunal in any proceeding."    In Ex parte Senior, *supra*, it was held that a witness has the right to claim his privilege against testifying to facts which may incriminate him, and is not bound to answer, when from the nature of the investigation and the testimony sought, it reasonably appears that his answer may criminate or tend to convict him."    The interrogatories propounded to Green are in groups of three or four questions and in each group he is asked if he has not embezzled or concealed the things described in that group.    To all of the interrogatories he has answered denying that he has in his possession or under his control, or that he has embezzled or concealed any of the assets mentioned in the interrogatories belonging to the estate of Fleming.    In this state of the record it is apparent that if he has the assets or any of them, he has embezzled and is secreting them, and that this is the real issue which the jury will have to try.    At most the investigation is in that situation where it reasonably appears, that the administrator is seeking to convict Green of embezzlement.    And though not in name or form a criminal investigation, it is so in character, and the verdict, if for the estate, must be one of *conviction*.    R. S. 1899, section 77, To make out a case for the estate under the condition in which we find the interrogatories and answers thereto, it will be incumbent on the administrator to adduce evidence prov-

ing or tending to prove that Green has embezzled some of
the assets described in the interrogatories.    From making
out such a case against himself, from furnishing a link in a
chain of evidence leading to his conviction, and from fur-
nishing any information by which evidence might be obtained
tending to convict him, Green is protected by the Constitu-
tion, according to all of the authorities, as much so as if he
was being prosecuted under an indictment charging embezzle-
ment of the assets of the estate of Alfred W. Fleming, de-
ceased.    He is not in the same situation as a witness in an
ordinary civil suit, who, to claim his protection, must first be
sworn as a witness, and then when a question is propounded
to him, that to answer would criminate or tend to criminate
him, must so declare under oath and invoke the protection of
the law.    But, as before stated, Green's situation as a wit-
ness is analogous to that of a defendant in a criminal suit by
indictment or on information.    He may or may not testify
as he elects.    He can not be called by the opposite party as
a witness, nor sworn as such, unless he voluntarily offers him-
self to be sworn.    When he refused to be sworn as a witness,
he exercised a constitutional right, and is entitled to his dis-
charge under the writ of *habeas corpus.*    Ex parte Long, 85
U. S. 163; People, etc., v. Kelly, 24 N. Y. 74; People, etc.;
v. Liscomb, 60 N. Y. 559; In re Dill, 32 Kan. 668.

The petitioner is entitled to his discharge for another
and further cause.    The parties appeared before the commis-
sioner on the day and at the time and place named in the order
of the court making the appointment of the commissioner,
and the taking of depositions was continued from day to day
and from time to time thereafter by consent of parties, until
the fifth day of November, 1900, on which latter day it is
admitted the commissioner, on his own motion and without

consent of defendant, adjourned the further taking of depositions until the seventh day of November, for the morrow, the sixth, was general election day, which is by the statute made a public holiday (R. S. 1899, sec. 461), and for the further reason that an attachment had been issued for Charles Green (the only witness to be examined), which had not been returned on the fifth and could not be served on the sixth (R. S. 1899, sec. 4683). That depositions might have been taken on the sixth of November, notwithstanding it was a public holiday, is settled by Stewart v. Brown, 112 Mo. l. c. 182, and cases cited. When the commissioner adjourned over a day on which he might have lawfully taken depositions, without the consent of the defendant, he was without authority to proceed with 'the further taking of depositions. Fox v. Carlisle, 3 Mo. 197; Burton v. Craig, 2 Mo. 198; Kean v. Newell, 1 Mo. 754. The fact that the attachment for Green had not been returned on the fifth and could not be served on the sixth, did not change the necessity of keeping alive the dedimus by adjournment from day to day until the taking of the depositions were completed.

It is therefore considered that the petitioner, Charles Green, be released and discharged from the custody of the sheriff of the city of St. Louis, and the said sheriff is hereby commanded to discharge him forthwith. It is further ordered that Charles Green, the petitioner, be taxed with the costs of this proceeding.

All concur. Judge *Biggs* in result.