### Field v. Collins.
(Decided March 24, 1936.)

ORIE S. WARE, J. GARVEY DAVIS and SEIGFRIED GEISMAR for appellant.

ROUSE & PRICE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On June 21, 1934, automobiles driven by Miss Jessie Field and Russell McCandless came in collision at the intersection of Greenup and Twentieth streets in the city of Covington. Miss Mary Collins was returning to her home from a grocery at the southwest corner of Twentieth and Greenup, and had reached a point at or near the pavement at the southeast corner. She was on or near the curb of the sidewalk along Twentieth street, and something like 6 to 10 feet from the curb line of the walk along Greenup. The automobile driven by McCandless was knocked or caused to veer over toward that corner, where it overturned, knocking Miss Collins down and pinning her underneath. She sustained injuries from which there is no hope of recovery; the most severe being to the spinal column, causing paralysis of the lower portion of the body and extremities. Mrs. Davilla McCandless, mother of Russell McCandless, and another lady were riding in the automobile with him.

Miss Collins instituted this action against Jessie Field, Russell McCandless, and Davilla McCandless, and in her amended and substituted petition alleged that the automobile driven by Russell McCandless belonged to Davilla McCandless, at whose direction it was being operated; that both Russell McCandless and Jessie Field negligently and carelessly operated their respective automobiles at the time of entering on and crossing the intersection, and by their concurrent negligence and carelessness caused the automobiles to collide with great force and violence, whereby the automobile driven by Russell McCandless was swerved around over to the sidewalk along Greenup street, striking and injuring her as above indicated. She alleged that she had been damaged by reason of her injuries in the sum of $30,000, including $1,500 expended for hospital, doctors', and nurses' bills and $1,000 which she would have to expend for like purposes.

Davilla McCandless filed answer, denying that

plaintiff was injured as the result of the concurrent or any negligence or carelessness upon the part of herself or Russell McCandless, and alleged that, if she was injured, her injuries were brought about and caused solely and only as a result of negligence and carelessness of defendant Jessie Field in operating the automobile driven by her. She denied she was the owner of the automobile driven by Russell McCandless or that it was operated under her direction or control.

By separate answer, Russell McCandless denied that plaintiff was injured as a result of his negligence or carelessness or concurrent negligence on the part of himself or Davilla McCandless or that he was negligent in the operation of the automobile, and alleged that any injuries received or sustained by plaintiff were brought about solely and only as a result of the negligence and carelessness of Jessie Field in the operation of the automobile driven by her.

Jessie Field also filed separate answer, in which she denied any negligence upon her part, and also denied the affirmative allegations in the answer of Davilla McCandless and affirmative allegations set up in the answer of Russell McCandless, and affirmatively alleged that any injuries sustained by plaintiff were due to the concurrent negligence of Davilla and Russell McCandless in the operation of the automobile driven by him at a high, excessive, and dangerous rate of speed without regard to stop signs as provided by ordinance of the city of Covington.

At the close of the evidence, it appearing that Mrs. Davilla McCandless was not the owner of the automobile driven by her son, the action as to her was, upon motion of the plaintiff, dismissed.

The jury found for plaintiff in the sum of $21,000, $20,000 against Jessie Field and $1,000 against Russell McCandless. The motion and grounds for new trial filed by Jessie Field having been overruled, she is appealing from the judgment as against her.

As grounds for reversal it is argued in substance: (1) That the court erred in admitting incompetent and prejudicial evidence over the objections of appellant; (2) in refusing proper instructions offered by appellant; (3) in giving erroneous instructions; (4) that the verdict and judgment were unfairly apportioned and espe-

cially against appellant; and (5) that the verdict and judgment are not supported by the evidence and are contrary to the weight of the evidence and to the law.

Shortly before the accident, Russell McCandless suffered a sprained ankle and had laid off from work on account of it. He was asked whether this interfered with him in operating his automobile, and over objections of appellant, was permitted to answer that it did not. He was further permitted to testify that Miss Field did not come around to see him after the accident to make inquiry about his injury or offer assistance of any kind, and also, when asked what prevented him from seeing one of the automobiles after the accident, he was permitted to state that his mother was injured and he had to take her to the hospital.

Counsel for appellant are insisting that this evidence was incompetent and very prejudicial. In the circumstances, the evidence that Miss Field made no inquiry and offered no assistance of any kind should not have been admitted, but any error in that particular, standing alone, would not be so prejudicial as to warrant a reversal, and the other evidence of Russell McCandless called in question, even if incompetent, is of such an inconsequential nature as to forbid a conclusion that it could have operated to the prejudice of appellant.

With respect to the admission of evidence, it is further argued that the court erroneously overruled appellant's motion to suppress the deposition of Davilla McCandless because it was taken on a legal holiday. The deposition was taken on February 12, which by section 2089e, Kentucky Statutes, has been declared a legal holiday known as "Lincoln Day." There are authorities indicating that depositions may not be taken on Sunday or a legal holiday. Leach v. Leach, 46 Kan. 724, 27 P. 131; Stainbrook v. Drawyer, 25 Kan. 383; 18 C. J. 675. However, there are authorities to the contrary. Stewart v. Brown, 112 Mo. 171, 20 S. W. 451; In re Green, 86 Mo. App. 216; 18 C. J. 675.

Since counsel for appellant had an opportunity to be and were present and participated in the taking of the deposition, it is quite apparent that appellant was not prejudiced merely because the deposition was taken on a legal holiday.

The evidence shows that Miss Field was driving south on Greenup and McCandless was driving east on Twentieth street. There is a stop sign on the south side of Twentieth street at the outer edge of the sidewalk and about even with the property line on the west side of Greenup. There is a very sharp conflict in evidence as to whether Russell McCandless came to a stop before entering the intersection. There is likewise a marked conflict in evidence concerning the speed of the respective automobiles and their relative positions with respect to the intersection as they approach it.

There was introduced in evidence an ordinance of the city of Covington relating to traffic regulations. It embodies in substance and effect sections 2739g-37 and 2739g-51, Kentucky Statutes. The former relates to the right of way of vehicles at intersections of streets and highways and the latter to the speed of automobiles operating upon highways and streets. Section 17 of the ordinance provides in effect that persons operating any vehicle in the city shall observe stop signs at street intersections by bringing such vehicle to a stop, and shall proceed to cross the intersection only when it is clear of traffic and approaching vehicles to such intersection are a sufficient distance away from it as to insure the safe passage of the vehicle whose duty it is to stop.

Appellant offered an instruction setting out the duties of Russell McCandless in approaching and crossing the intersection as provided by statute and the ordinances of the city. An instruction defining the duty of each of the drivers in approaching and crossing the intersection should have been given. The court refused to give the instruction offered by appellant, but gave a number of instructions to which appellant objected and excepted.

Instruction No. 1, given by the court, defined the duty of operators of automobiles in the circumstances shown, and attempted to set out the duty of both drivers in one instruction. In this instruction it is in part said: "It is the further duty of drivers of automobiles to observe stop signs before entering on certain streets of the city, and to bring their automobile to a stop and to use ordinary care before entering said designated streets to prevent coming in collision with other ve-

hicles that might be traveling along the preferred street.''

While many of the duties imposed by statute or by ordinance apply alike to both drivers, there is no evidence of stop signs except on Twentieth street; therefore the duty of the drivers with respect to stop signs was different; hence it is obvious that the duties of the respective parties should have been set forth in a separate instruction. Since, as already indicated, there is a conflict in evidence concerning which of the drivers first reached and entered the intersection, an instruction on that phase of the case should have been given. See Newbold v. Brotzge, 209 Ky. 218, 272 S. W. 755, and Mann v. Woodward, 217 Ky. 491, 290 S. W. 333, which serve as a guide in drafting a proper instruction.

Instruction No. 1 further sets forth the duty of operators of automobiles with respect to sounding the horn or other sounding device thereon. The statute, section 2739g-28, only requires the sounding of the horn or other sounding device on an automobile when necessary as a warning of its approach, and no instruction on the sounding of the horn or other device should be given unless there is evidence to show that it was necessary as a warning to those who were not aware of the danger from the approaching vehicle. See Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753. There is no evidence to indicate or from which any inference would arise that the sounding of a horn would have averted the collision. Each driver knew of the presence of the other approaching the intersection. Miss Collins had reached a place of apparent safety, and the sounding of the horn would have been of no avail to her. It is therefore apparent that this portion of the instruction should have been omitted and was calculated to be confusing and misleading. This instruction further attempted to define the duty of operators of the automobiles at that particular place with respect to speed. Without attempting to determine whether the instruction in that particular is correct, we deem it sufficient to say, in the event of another trial, an instruction on this phase of the case should follow substantially the one suggested in Utilities Appliance Co. et al. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478. Our conclusion is that, in the particulars indicated, instruction No.

1 was erroneous and prejudicial. Otherwise the instructions given were proper. However, in the event of another trial, some changes will be necessary because of changed circumstances. Appellant and Russell McCandless asked no relief as against each other, and there was no appeal from the judgment as to him, and he is not a party to this appeal.

Except to say that there was sufficient evidence to take the case to the jury and to support the verdict for appellee, what we have already said renders it unnecessary to discuss other grounds urged for reversal.

For the reason indicated, the judgment is reversed and cause remanded for new trial and proceedings consistent with this opinion.

Whole court sitting.