## Field v. Collins.

(Decided Nov. 6, 1936.)

ORIE S. WARE, J. GARVEY DAVIS and SIEGFRIED GEISMAR for appellant.

ROUSE & PRICE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Opinion upon a former appeal of this case may be found in 263 Ky. 474, 92 S. W. (2d) 793. When the case was tried again the jury returned a verdict in favor of Miss Collins and against Miss Field for $637 for doctors' bills, nurses, medicine, and hospital bills, also $1,000 for future attention and $20,000 for her mental and physical sufferings. Making a total of $21,637 in all. From a judgment entered thereon, this appeal is prosecuted.

Greenup avenue in Covington leads from north to

south and is crossed by Twentieth street, which runs east and west. This accident occurred about 3:30 p. m. Thursday, June 21, 1934, at this intersection, and we shall endeavor to show where and how it occurred. Miss Collins had been shopping; she was on her way home and had crossed from the southwest to the southeast corner of this intersection and was struck just as or just after she stepped upon the sidewalk at this southeast corner.

Miss Field was driving southward on Greenup avenue, in a Plymouth coach (1933 model) equipped with hydraulic brakes and in good condition. Mr. McCandless was driving eastward on Twentieth street, in a Ford touring car (1930 model) which he testifies was in good condition. Greenup avenue at this point is an arterial highway, and on Twentieth street, on each side of Greenup avenue, there were then 18-inch "stop" signs erected on iron posts and requiring vehicles, using Twentieth street, to stop before crossing Greenup avenue, the provision of the ordinance being:

> "Section 17. All persons operating any vehicle or street car, shall observe all stop signs at street intersections by bringing such vehicles to a stop and shall proceed to cross such intersections where stop signs are maintained only when the intersection is clear of traffic, and the approaching vehicle or street cars to such intersection are of sufficient distance away from the intersection as to insure safe passage of the vehicle whose duty it is to stop."

L. H. Treiling was introduced by the defendant. He had crossed from the northeast corner to the northwest corner of this intersection just before the Plymouth driven by Miss Field reached it, and this is the substance of his testimony: The McCandless car did not stop as it approached Greenup avenue, but bolted across at a speed of 40 to 50 miles per hour; that Miss Field came almost to a stop just before she reached this intersection and that the McCandless car struck hers. McCandless says he was driving in second gear and going 8 or 10 miles per hour. He does not say how fast Miss Field was driving. Another witness puts the speed of the Plymouth (Miss Field's car) at 35 miles per hour and that of the McCandless car at 20 miles per hour. Another says the Plymouth was going pretty fast and the Ford not so fast. Miss Field places her speed at

15 or 20 and that of the Ford at from 30 to 35 miles per hour.

Since the blow delivered by each of these machines to the other is the result of its weight and the speed at which it was going, and since their weights are well known to be about the same, some evidence of the speed of each can be found in the effect it had upon the other one. Its own speed was carrying this Ford to the east, but it was the speed of the Plymouth that hurled the Ford to the south. These cars apparently collided about 3 feet south of and 14½ feet east of the center of this intersection. The Plymouth stopped at that point. The evidence shows the Ford was hurled about 5 feet east and 10 feet south from the point of collision, was overturned at the edge of the sidewalk on the east side of Greenup avenue, and Miss Collins was knocked down and pinned under the wreckage of it. The jury has found negligence of Miss Field contributed to cause this collision; hence she must answer for the results of it, although her car did not touch Miss Collins. 42 C. J. p. 888, sec. 590.

In the former opinion we said there was evidence enough to take the case to the jury and sustain the verdict. The evidence this time is substantially the same, hence the judgment must be affirmed if there be no merit in the other grounds urged for reversal.

### The Instructions.

In submitting the contributory negligence of McCandless, the court said in instruction No. 5:

"If you believe from all the evidence that the operator of the McCandless car failed in the performance of any one or more of the duties imposed on him, and by reason of such failure on his part, if any there was, caused the collision and you further believe that the defendant, Jessie Field, did comply with all the duties imposed on her as in the above instructions as set out, and no negligence on her part contributed to the collision, to such an extent [that] but for her own negligence the collision would not have occurred, then the law is for the defendant, Jessie Field, and you shall so find."

The word "that" was omitted at the point where we have inserted it in parentheses, and it is argued that such omission made this instruction confusing and

meaningless, but we do not believe this could have misled the jury, and we regard this argument as without merit.

A similar omission was made in instruction No. 4, concerning which we are of the same opinion. We find no fault in instruction No. 7.

### Misconduct of Jury.

Miss Field files with and as a part of her grounds for a new trial a page from the "Kentucky Edition" of the Cincinnati Enquirer published the morning of May 20, 1936, giving a brief account of the proceedings that had occurred in this trial on the day before and a reference is made to the $20,000 verdict returned against Miss Field upon the former trial, and she alleges the jurors read this account, discussed it in their jury room and were influenced thereby to return the verdict they did. There is not a line of evidence any juror saw, much less read, one of these papers, hence we are unable to find merit in this.

The judgment is affirmed.