**B. D. FANNON, Appellant,**

v.

**Ben HENSLEY, Appellee.**

Court of Appeals of Kentucky.

Jan. 30, 1959.

Joseph K. Beasley, Harlan, for appellant.

G. E. Reams, Harlan, for appellee.

CLAY, Commissioner.

Plaintiff Hensley was awarded $910 damages by a jury verdict in his suit for personal injuries against defendant Fannon. Defendant moves for an appeal, and contends there was error in one of the instructions.

Plaintiff was a pedestrian. In crossing an intersection in the City of Harlan he was struck by defendant's automobile. There was an issue as to whether or not plaintiff walked into the side of defendant's

car. There was also an issue as to whether or not defendant had driven across the intersection against the red light on a traffic control signal. Plaintiff stated he saw the defendant's automobile approaching, but defendant testified he did not see the plaintiff until just before the collision.

The first instruction given the jury defines several duties of the defendant, and advises that if the traffic light was green in the direction defendant was proceeding, he had a right to proceed across the intersection. The instruction then states:

> "It was the defendant's further duty to sound his horn or other device if it was necessary to warn the plaintiff of the approach of his automobile * * *."

There appear two valid objections to this part of the instruction. In the first place, plaintiff testified he was aware of the approach of defendant's automobile. We have consistently held that under such circumstances instructions should not impose upon the defendant the duty of sounding a horn. Field v. Collins, 263 Ky. 474, 92 S.W.2d 793; Emerine v. Ford, Ky., 254 S.W.2d 938.

Secondly, if the facts justified an instruction in the nature of last clear chance, the one given furnishes no guide for the jury to determine under what conditions it might be "necessary" for defendant to sound a warning. This duty would only arise if he observed or should have observed the plaintiff in a position of peril, and had time within which to give such warning. Under this instruction the jury could have found against the defendant, even though the "necessity" arose from the careless conduct of the plaintiff, or the conditions were such that defendant could not reasonably have recognized the danger or blown his horn within the limited time available.

For the reasons stated, the instruction incorrectly imposed an unwarranted duty upon the defendant, and he should be granted a new trial. No other questions have been considered.

The motion for appeal is sustained, and the judgment is reversed for consistent proceedings.